UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERICA BROWN, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, C'R.B., et al. | CIVIL ACTION |
| VERSUS | NO. 15-193-RLB |
| DANIEL LOGUE, LOGUE FARMS TRANSPORT, L.L.C. AND CANAL INSURANCE COMPANY | CONSENT CASE |

**ORDER**

This matter is before the court on Defendant Canal Insurance Company's ("Canal Insurance") Motion to Compel (R. Doc 11) filed on September 30, 2015.  Canal Insurance seeks an order requiring Plaintiffs to provide complete responses to its Interrogatories and Requests for Production of Documents (R. Doc. 11-2).  Canal Insurance filed a separate Rule 37(a) certification. (R. Doc. 12).  Pursuant to Local Rule 7(f), the court ordered Plaintiffs to file a response, if any, to Canal Insurance's Motion to Compel no later than October 9, 2015. (R. Doc. 14).  Plaintiffs have not filed an opposition as of the date of this Order.  The motion is therefore unopposed.

Canal Insurance propounded the outstanding discovery requests on July 2, 2015. (R. Doc. 11-2 at 1).  On August 12, 2015, Canal Insurance's counsel wrote to Plaintiffs' counsel requesting the outstanding responses by August 19, 2015. (R. Doc. 11-3 at 1).  On August 27, 2015, having not received any responses, Canal Insurance's counsel wrote to Plaintiffs' counsel again requesting responses by September 2, 2015. (R. Doc. 11-3 at 2).  Canal Insurance represents that Plaintiff has failed to provide any responses by the date of the Motion to Compel

despite certain representations by Plaintiffs' counsel that the responses would be provided by September 25, 2015. (R. Doc. 11-1 at 2).

If a party fails to respond fully to discovery requests made pursuant to Rule 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses pursuant to Rule 37. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Plaintiffs have not opposed this motion or otherwise filed an indication in the record that the responses have been provided. As Plaintiffs did not make any timely objections, the court finds that they have waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges, immunities, or other protections from disclosure. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at \*6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

In light of Plaintiffs' failure to respond to Canal Insurance's discovery requests, the court will require Plaintiffs to provide responses without objection based on relevance, undue burden, overbreadth, or any other objection not grounded on any applicable privileges, immunities, or other protections from disclosure, no later than 7 days from the date of this Order.  Having provided Plaintiffs an opportunity to be heard through the filing of an opposition, the court concludes that it must award reasonable expenses to Canal Insurance for bringing the instant motion, including attorney's fees, because there is no indication in the record that Plaintiffs' non-disclosure was substantially justified or that an award of expenses would be unjust.  Canal Insurance did not submit anything to support an award of a particular amount of expenses and attorney's fees.  A review of the motion and memorandum supports an amount of $250.00.

For the foregoing reasons,

**IT IS ORDERED** that Canal Insurance's Motion to Compel is **GRANTED,** and Plaintiffs must provide non-privileged responses to the outstanding discovery requests no later than **7 days** from the date of this Order.  These responses must be made without objections, except to assert any applicable privileges, immunities, or other protections from disclosure.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall pay $250.00 to Canal Insurance in reasonable expenses incurred in bringing its Motion to Compel.  This payment is due within **14 days** of this Order.

Signed in Baton Rouge, Louisiana, on October 14, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**